UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RYAN GILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CV-014 PS |
| | ) | |
| WILLIAM K. WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Ryan Gill, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his one year placement in long term segregation as a result of his being found guilty on January 30, 2006 by the Disciplinary Hearing Board (DHB) at the Indiana State Prison. Mr. Gill was found guilty of assault with injury in violation of A102.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is obligated to review the petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." *Id.* This rule provides the Court with a gatekeeping responsibility to sift through habeas petitions and dismiss those petitions which obviously lack merit. This is one of those cases.

A prison disciplinary proceeding can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Being placed in segregation did not lengthen the duration of Gill's confinement, therefore this case must be dismissed.

Gill argues that the conditions of his confinement are cruel and unusual punishment, but such a claim cannot be brought in a habeas corpus proceeding. Though such a claim can be

brought in a civil rights complaint pursuant to 42 U.S.C. § 1983, this Court cannot convert this case into one of those. *Compare Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) ("[W]e directed district judges . . . not to convert § 1983 actions into petitions for collateral review."). If Gill wants to pursue such a civil rights claim, he must complete and file the proper paperwork to open a civil rights case.

For the foregoing reasons, the habeas corpus petition is **DENIED** and the clerk is **DIRECTED** to enclose a 42 U.S.C. § 1983 prisoner complaint packet along with the copy of this order that is sent to Gill.

**SO ORDERED.**

ENTERED: January 25, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT